1

2  JAMES R. KIRBY II (088911)
   JOHN T. KINN (130270)
3  SEGAL & KIRBY LLP
4  770 L Street, Suite 1440
   Sacramento, CA 95814
5  Telephone:  916.441.0828
6  Facsimile:  916.446.6003
   Email:  jkirby@segalandkirby.com
7  jkinn@segalandkirby.com
8  Attorneys for Plaintiff
   CROP DATA MANAGEMENT SYSTEMS, INC.
9

10 DEVAN J. MCCARTY (SBN 205237)
   DLA PIPER LLP (US)
11 400 Capitol Mall, Suite 2400
12 Sacramento, California 95814
   Telephone:  916.930.3200
13 Facsimile:  916.930.3201
   Email:  devan.mccarty@dlapiper.com
14

15 J.A. FELTON (Missouri Bar No. 39549)
16 (Kansas Bar No. 23765) (*Admitted Pro Hac Vice*)
   R. CAMERON GARRISON
17 (Missouri Bar No. 54064)
18 (Kansas Bar No. 21128) (*Admitted Pro Hac Vice*)
   Lathrop & Gage LLP
19 2345 Grand Boulevard, Suite 2200
20 Kansas City, Missouri  64108-2618
   Telephone:   816.292.2000
21 Facsimile:    816.292.2001
22 Email:  jfelton@lathropgage.com;
   cgarrison@lathropgage.com
23

24 Attorneys for Defendants SOFTWARE
   SOLUTIONS INTEGRATED, LLC, AND
25 SOFTWARE SOLUTIONS OF ILLINOIS, INC.

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CROP DATA MANAGEMENT SYSTEMS, INC., a California corporation, | CASE NO. 2:11-CV-01437-LKK-KJN |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| SOFTWARE SOLUTIONS INTEGRATED, LLC; SOFTWARE SOLUTIONS OF ILLINOIS, INC.:, | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Crop Data Management Systems, Inc., Inc. and Defendants Software Solutions Integrated, LLC, and Software Solutions of Illinois, Inc. hereby stipulate ~~and the Court hereby finds~~ as follows:

In the course of this litigation, the parties have already produced documents or will be requested and required to produce additional documents and provide information and testimony of types listed in the following paragraphs A and B, the public disclosure of which would cause specific harm to Plaintiff, Defendants, and/or to others not parties to this litigation and therefore are subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c).  In addition, good cause exists because otherwise discovery would be substantially hampered by the need to determine contemporaneously whether particular materials, information, and

- 2 -

testimony are legally entitled to protection as trade secrets, proprietary, or otherwise.

A Court-issued Protective Order is necessary, in lieu of a private agreement between the parties, because confidential information of third parties will be subject to production in this case and negotiating separate agreements with each such third party will be burdensome and expensive, both to the parties to this case as well as to those third parties. A Court-issued Protective Order will eliminate the vast majority of such expense by putting a protection mechanism in place for such information that third parties can rely on without incurring the expense and burden of negotiating their own protection arrangement with the parties. In addition, a Court-issued Protective Order is necessary because the parties anticipate that they will be seeking to file documents under seal during the course of this case, and Local Rule 141(b) requires that any request to file documents under seal "set forth the statutory or other authority for sealing…" A Court-entered Protective Order would establish such authority and facilitate the parties' respective efforts to respect the highly sensitive nature of certain documents by filing them under seal.

A.    Documents and information that are subject to non-disclosure agreements between or among the parties hereto and/or third parties that pre-date this litigation and disclosure of such documents or information without the protection of confidentiality provided by this Order could breach the terms of those agreements.

- 3 -

B.     Documents and information that contain confidential and proprietary information of the parties hereto and of third parties, including but not limited to confidential commercial information relating to the parties' and third parties' business practices, financial records, competitive business strategies, research and development, technologies, contracts with third parties, actual revenue and revenue projections, sales records and sales projections, types and sources of materials and constituent components of products, manufacturing processes, sales and pricing agreements with suppliers or vendors, business plans, marketing strategies, and other non-public information.

Based on the foregoing stipulation ~~and findings~~, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.     <u>Information to be Protected</u>.   All documents, testimony, and other discoverable information within the descriptions set out in paragraphs A and B above, whether in paper, electronic, machine-readable, or other form, that a party hereto, or third party, designates "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" in accordance with the procedure outlined below shall be subject to the terms and conditions of this Protective Order.

2.     <u>Marking of Designated Materials</u>.   (a)   Documents that a party reasonably and in good faith believes fall within the categories outlined in paragraphs A and B hereof and should be subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document.

- 4 -

(b)    Documents that a party produces that it reasonably believes contain trade secrets or other proprietary information, or information the disclosure of which would cause a competitive disadvantage to the party or give its competitors an advantage or benefit they otherwise would not have shall be marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" on each page of the document.

3.    <u>Electronic Media</u>.  To the extent that matter stored or recorded in the form of electronic, machine-readable or other media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) (hereafter "Computerized Material") is produced by any party in such form, the producing party may designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by cover letter identifying such material or by affixing to such media a label with the appropriate legend.  Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend indicated in the cover letter by which the material was sent or in accordance with the label affixed to the media on which it was sent.

4.    <u>Reproducing Electronic Media</u>.  To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog

- 5 -

machine-readable device, recording media, computer, disc, network, tape, file, database or program information that is designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to the information therein, and shall affix to any media containing confidential information a label with the legend provided for in paragraph 2(a) or 2(b) above.

5.  <u>Designation After Production</u>.  All materials that a party seeks to have protected under this Order shall be marked before providing a copy thereof to a receiving party.  If materials already have been produced to another party, the party producing such materials shall notify the other party as soon as practicable following entry of this Protective Order that such documents shall be marked and deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" and shall be subject to this Protective Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such

STIPULATED PROTECTIVE ORDER

previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

6.   <u>Use of Designated Materials</u>.   Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" may be used only for the purposes of preparing for and conducting investigation, discovery, pretrial, trial, and appellate proceedings in this litigation and any mediation or other settlement discussions or negotiations.

7.   <u>Access to "CONFIDENTIAL" Materials</u>.   Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

> (a)   the receiving party and directors, officers, employees, and former employees of the receiving party who are expected to be witnesses in this legal action or to whom it otherwise is necessary that the materials be shown for purposes of this action;
>
> (b)   counsel for a receiving party (including members and employees of such counsel's law firm);
>
> (c)   persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons, provided, however, that confidential information may not be disclosed to any expert or consultant who is also an agent, consultant to, or employee of any of the producing party's competitors unless the producing party consents in writing prior to disclosure or the Court authorizes the disclosure;
>
> (d)   deponents incident to their depositions;
>
> (e)   the Court, its officers and employees;

- 7 -

(f)  witnesses who are expected to testify in this action and to whose testimony the information is relevant;

(g)  the author of the document to be disclosed;

(h)  employees or agents of photocopy, printing, or data management services engaged for the purpose of reproducing or otherwise processing such information in this action; and

(i)  such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court.

The foregoing persons, other than those listed in subparagraph 7(e), shall be made aware of this Order and shall agree to be bound by it.

8.  **Access to Materials Marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY".**  Information designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a)  outside counsel for a party receiving the materials (including members and employees of such counsel's law firm);

(b)  persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons, provided, however, that such materials may not be disclosed to any expert or consultant who is also an agent, consultant to, or employee of any of the producing party's competitors unless the producing party consents in writing prior to disclosure or the Court authorizes the disclosure;

(c)  employees and former employees of the party that produced the materials; and

(d)  the Court and court personnel subject to the requirements of paragraph 14 of this Order.

- 8 -

Rules for the use and handling of materials marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" during the trial and any appeal in this matter shall be established at a later date.

9.     <u>Undertaking of Persons Receiving Designated Materials</u>.  Any person to whom information subject to this Order is to be disclosed who is listed in subparagraphs 7(c), (d), (f), and (i) and paragraph 8(b), and who is not an employee of a party hereto, shall acknowledge and confirm by Declaration, in the form of Exhibit "A" hereto, that (s)he has read this Protective Order and agrees to comply with its terms.  Attorneys of record shall be responsible for obtaining executed copies of Exhibit A from persons listed in this paragraph to whom they intend to disclose documents or information subject to this Order.  Such counsel shall not be required to disclose those executed Exhibit As except upon order of this Court.

10.     <u>Interrogatory Answers</u>.  If an interrogatory seeks information or material that falls within any of the categories listed in paragraph A or B of this Order, the party answering such interrogatory may answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" (as appropriate pursuant to paragraph 2(a) or (b) of this Order) by so marking the pages containing the answer.

11.     <u>Production By Others</u>.  In the event an opposing party or a third party produces documents or materials that contain information of a party that falls

- 9 -

within any of the categories listed in paragraph A or B of this Order without designating the materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," such latter party may designate those materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by informing all other receiving parties thereof as soon as reasonably practicable but in no case less than 60 days before trial.  In the event the documents or materials are produced less than 60 days before trial, the producing party must designate such materials at the time of production.  Upon receipt of such notice, the receiving parties shall promptly mark their copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

12.   <u>Deposition Testimony</u>.   If deposition testimony concerning "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material is requested or elicited, counsel for any party may request that:

> (a)   the portions of the testimony, and the transcript thereof, disclosing such material be treated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"; and

- 10 -

(b)     the room in which the deposition is being taken be closed except to persons who are permitted access to such "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials under the terms of this Order for questioning pertaining to such material.

The designation of deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" may be made on the record at the time of the deposition or at any time thereafter subject to the provisions of paragraph 13 herein.  Failure to designate portions of the deposition testimony or transcript as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" during a deposition shall not affect a party's right to designate or re-designate such testimony or transcript in accordance with paragraph 13.  Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" counsel for each party shall cause the designated pages of each transcript in its custody to immediately be marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."   Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

13.     <u>Subsequent Designations</u>.  If a party inadvertently produces documents or information that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," the party that

inadvertently produced material may designate it within a reasonable period, but in no event less than 60 days prior to trial.  In the event the documents or materials are produced less than 60 days before trial, the producing party must designate such materials at the time of production.  Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order.  With respect to deposition testimony, a party must designate testimony that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" within a reasonable period, but in no event less than 60 days prior to trial.

14.   <u>Filings Under Seal</u>.  If any party or counsel for any party wishes to disclose any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material in any affidavit, brief, memorandum of law, oral argument, or other paper filed in the Court in this litigation, such papers or transcripts may be filed under seal only upon separate, specific request and later order of the Court pursuant to Local Rule 141.  For purposes of this paragraph, if any party or counsel for any party intends to submit any affidavit, brief, memorandum of law, or other paper disclosing the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material of another party in this Proceeding, or third party, such disclosing party shall contemporaneously file a request provided for in this Paragraph requesting that the designated material be filed under seal.  Any party whose confidential information is being disclosed in a submission to the

- 12 -

Court in or with such affidavit, brief, memorandum, or other paper may join the submitting party's request asking that the material be filed under seal or submit its own request seeking such protection.  If a request to file material under seal is sustained, all parties to this case shall cooperate with the Court and the Clerk in filing such material and in establishing procedures for use of such material in this case.

15.   <u>Subpoena of "CONFIDENTIAL" Materials</u>.  If a party in possession of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material receives a subpoena or other legal compulsion seeking production or other disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material, that party shall immediately give written notice to counsel for the party that produced the material and shall identify the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material that has been sought and the date and time proposed for production or disclosure of the material and promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Any party objecting to the production or disclosure shall have the right to take timely action in the appropriate court or courts and the party from whom the material has been requested shall cooperate in such action.  In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"

- 13 -

material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by order of the appropriate court(s).

16.  <u>Protection of Non-Parties</u>.  A non-party who or which is obligated to provide discovery in this action by deposition, production of documents or otherwise, may obtain the protections of this Order as to said nonparty's information that falls within one of the categories described in paragraph A or B of this Order simply by following the procedures set forth herein with respect to the designation of documents, materials, or testimony provided.  This Court, however, does not have jurisdiction over non-parties to order or require them to comply with the terms of this Order.

17.  <u>Inadvertent Production</u>.  In the event a party inadvertently produces documents or materials that are attorney-client privileged, work product, or subject to some other privilege or immunity, such production shall not effect a waiver of such privilege or immunity.  In such event, the producing party, immediately upon learning of such inadvertent production, shall notify all parties to whom the documents or materials were produced of such inadvertent production and shall request the return of such documents and materials.  Within 10 days of the receipt of such notice and request, all receiving parties shall return to the producing party all copies of such documents and materials, including any copies provided to a third party, and shall not retain a copy of any such document or material.  The

obligations of the receiving parties shall include those set forth in Federal Rules of Civil Procedure 26(b)(5)(B).

18.   <u>Limitations Upon the Scope of Order</u>.   Nothing contained in this Protective Order shall affect the right of party producing documents or information herein to disclose or use for any purpose any materials designated by it as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY." This Order shall not limit or affect the rights of any party to use or disclose any information that has not been obtained through, or derived as a result of, this litigation.

19.   <u>Return of Materials Following Litigation</u>.   Within 60 days of the termination of this action, including any appeals, any party who desires that "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials be returned by the opposing party(ies) shall notify counsel for a Receiving Party, and that Receiving Party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials so requested.   After 60 days and within 120 days following the termination of this action, including all appeals, the parties will destroy all materials marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by another party that were not requested by such party to be returned to it as allowed by this paragraph.

20.   <u>Sanctions for Breach</u>.  Breach of this agreement may be punished by the contempt powers of the Court and also may give rise to a civil cause of action. Within fourteen (14) days of a party learning or suspecting a breach of this Order, such party shall give notice to the party believed to be in breach and request such party to take all appropriate steps to recover the information that was disclosed in violation of this Order and all appropriate steps to prevent or reduce harm to the party whose confidential information was disclosed.

21.   <u>Challenges to Designations</u>.   Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are in fact confidential or otherwise not subject to disclosure.  Any party may dispute the confidential nature of any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials or may dispute that the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are entitled to the protections of this Order and may move the Court for removal of the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation upon any such materials.  Nothing in this Protective Order shall preclude the Court, <u>sua sponte</u>, from determining that a "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation is unwarranted and ordering the removal of such designation.  If a dispute arises as to whether material, testimony, or information is entitled to

- 16 -

protection pursuant to Fed. R. Civ. P. 26(c), the party seeking protection bears the burden of proving such protection is warranted.   The party challenging the designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process of conferring directly in voice-to-voice dialogue within 14 days of the date of service of notice.  Any motion shall be accompanied by a declaration affirming compliance with this meet and confer requirement.   Neither a party's delay or failure to object or challenge the designation of materials, testimony and information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," nor a party's use of such materials as permitted by this Protective Order, including filing of such materials under seal, shall constitute an admission or agreement that the materials, testimony or information is entitled to legal protection.

22.   <u>Additional Protection</u>.  The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

23.   <u>Duration of Order</u>.  The confidentiality obligations imposed by this Protective Order shall remain in effect unless otherwise expressly ordered by the Court.  After the termination of this action, a party may seek leave to reopen this case for the purpose of seeking relief for any violation or threatened violation of

- 17 -

this Order, although the Court's jurisdiction is terminated upon final disposition of the case.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:_____        SEGAL & KIRBY LLP

By:    _____
       JAMES R. KIRBY
       JOHN T. KINN
       SEGAL & KIRBY LLP
       770 L Street, Suite 1440
       Sacramento, CA 95814
       Telephone:  916.441.0828
       Facsimile:  916.446.6003
       Email:  jkirby@segalandkirby.com
       jkinn@segalandkirby.com
       Attorneys for Plaintiff

Dated:_____        DLA PIPER LLP (US)

By:    _____
       DEVAN J. MCCARTY
       DLA PIPER LLP (US)
       400 Capitol Mall, Suite 2400
       Sacramento, California 95814
       Telephone:  916.930.3200
       Facsimile:  916.930.3201
       Attorneys for Defendants
       SOFTWARE SOLUTIONS INTEGRATED,
       LLC, AND SOFTWARE SOLUTIONS OF
       ILLINOIS, INC.

Dated:_____        LATHROP & GAGE LLP

By:    _____
       J. A. FELTON
       R. CAMERON GARRISON
       2345 Grand Boulevard, Suite 2200

Kansas City, Missouri  64108-2618
Telephone:  816.292.2000
Facsimile:  816.292.2001
Email:  jfelton@lathropgage.com;
cgarrison@lathropgage.com
Attorneys for Defendants
SOFTWARE SOLUTIONS INTEGRATED,
LLC, AND SOFTWARE SOLUTIONS OF
ILLINOIS, INC.

## ORDER

The parties' proposed Stipulated Protective Order (Dkt. No. 18) is HEREBY APPROVED as modified by the court above, with such modifications reflected by "strikeout" or "strikethrough" marks.  A signed and dated version of the parties' proposed Stipulated Protective Order appears on the court's docket at entry 18.

IT IS SO ORDERED.

DATED:  November 28, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

- 19 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CROP DATA MANAGEMENT SYSTEMS, INC., a California corporation, | CASE NO. 2:11-CV-01437-LKK-KJN |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| SOFTWARE SOLUTIONS INTEGRATED, LLC; SOFTWARE SOLUTIONS OF ILLINOIS, INC.; and DOES 1 through 20, inclusive, | |
| Defendant. | |

**DECLARATION OF _____**
**UNDER PROTECTIVE ORDER AGAINST UNAUTHORIZED**
**USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

1.      My address and telephone number are _____

_____.

2.      I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

3.      I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

4.      I understand I am to (i) retain all of the materials I receive that have been designated as "CONFIDENTIAL" in a secure and safe place in a manner consistent with this PROTECTIVE ORDER; and (ii) keep all such materials in my custody until I have completed my assigned duties, whereupon they and all copies thereof, are to be returned to the party who provided them to me.  I further understand that I am required to deliver to the party who provided the designated materials any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" or containing any information disclosed therein.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Date

- 2 -

DLA Piper US LLP
Sacramento